# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

THOMAS FORTUNE FAY
2048 Merrifields Drive
Silver Spring, MD 20906,

      Plaintiff,

      v.                          Civil No.

PATTON BOGGS LLP
  Serve: Stuart M. Pape
2550 M Street, NW
Washington, DC 20037

      and

Steven M. Schneebaum
c/o Greenberg Traurig, LLP
2101 L Street, NW
Washington, DC 20037

       Defendants.

## COMPLAINT
(Compensatory Damages for Quasi-Contract, Unjust Enrichment and
Money Had and Received; Compensatory Damages for Conversion.)

### Jurisdiction

1. This court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §1332. The plaintiff is a domiciliary and resident of the State of Maryland. The defendant Patton Boggs LLP is a limited liability partnership organized and doing business in the District of Columbia, pursuant to the laws of the District of Columbia, and the defendant Steven M. Schneebaum is a domiciliary and resident of the District of Columbia. The amount in controversy, exclusive of interest and costs, exceeds Seventy Five Thousand Dollars ($75,000.00).

1

*Preamble*

2.    This action is related to and involves funds affected in an action pending in this court, *Fay v. Perles, et al.* Civil No.1:05CV01209(PLF), an action which has been stayed pending completion of mediation on or before June 30, 2008.  The action described in the complaint began on May 27, 2005, necessitating the filing of this case by May 26, 2008.  It is expected that if the pending mediation does not resolve all of the issues involved in both cases, these cases will be consolidated.

*Facts*

3.    In January, 1997, plaintiff and defendant Steven R. Perles entered into a contract which provided that they would act as equal share partners in the representation of a number of American citizens and/or their estates who had been victims of terrorist attacks sponsored by governments designated by the U. S. Department of State as the source of material assistance to acts of terrorism.

4.    Plaintiff and defendant Perles were successful in obtaining judgments for clients in several of these cases including *Flatow v. Islamic Republic of Iran,* 999 F. Supp. 1 (D.D.C. 1998) and *Eisenfeld and Duker v. Islamic Republic of Iran,* 172 F.Supp.2d 1(D.D.C. 2000), in which cases compensatory damages were awarded in amounts of $22,513,220.00 and $27,161,002.00, respectively, which, with post-judgment interest, were paid in January, 2001.

5.    At all times relevant to the present action, attorney Anne Marie Kagy was the employee of the defendant Perles and his professional corporation, Steven R. Perles, P.C., and the agreement between plaintiff and defendant Perles was that Mr. Perles and/or his professional

corporation would be solely responsible for her compensation. Likewise, under the same

agreement, plaintiff was to be solely responsible for compensation earned by Victor Holm, a

contract employee of plaintiff and his firm, Thomas Fortune Fay, P.A. Mr. Holm, his company,

Holm Audio Visual, and his daughter and assistant, Elizabeth Holm, were responsible for the

preparation and presentation of all technical aspects, including video presentations, in the

*Flatow, Eisenfeld and Duker* cases, for which Mr. Fay and his law firm paid them compensation

of $2,609,864.31.

    6. In December, 2000, Mr. Perles informed Mr. Fay that Ms. Kagy was asserting an

"attorney's lien" of $2,000,000 against the net proceeds (what remained after disbursements to

the Flatow, Eisenfeld and Duker families) of the judgment payments. On January 18, 2001, the

sums of $1,000,000. each were transferred by wire from Messrs. Fay and Perles to a trust account

identified by defendant, Steven M. Schneebaum Esq., an attorney hired by Mr. Perles to defend

him against Ms. Kagy's claim. Mr. Schneebaum was at that time a shareholder in the defendant,

Patton Boggs, LLP, and remained a shareholder in that firm until the latter months of 2004.

    7. From the time of the wire transfer until the present, it is undisputed that half of the

transferred funds were owned by plaintiff and half were owned by defendant Perles, and this is

evidenced in the bank transfer documents. It was understood and agreed by Messrs. Fay and

Perles that no disbursements were to be made from this fund without the express consent and

approval of both of them.

    8. Mr. Perles's action in this court against Ms. Kagy sought a declaratory judgment

establishing what if any legal fees were due to her. Ms. Kagy counterclaimed against Mr. Perles

3

and his professional corporation for what she believed was due to her.

9.  Mr. Fay was not sued by Ms. Kagy, nor was he made a party in any other way in the Perles/Kagy litigation.

10.  Trial of the Perles/Kagy action began in January, 2003, and continued intermittently until entry of a final judgment on April 20, 2005, against Mr. Perles.

11.  From the inception of the Perles/Kagy lawsuit in January, 2001 until after the trial had concluded , Mr. Perles stated to Mr. Fay and repeatedly to this court that the sum of $2,000,000. was being held in trust in an escrow account, first under the name and supervision of the defendant, Patton Boggs, LLP, and later under the name and supervision of Greenberg Traurig, LLP, the law firm to which defendant Schneebaum moved in 2004..

12. Mr. Perles informed Mr. Fay that on December 22, 2004, the money that had been placed in the trust fund at Patton Boggs, LLP in 2001 was transferred by instruction of Mr. Schneebaum into a client trust fund maintained by Greenberg Traurig, LLP.

13.  Judgment was entered for Ms. Kagy against Mr. Perles alone on April 20, 2005.

14.  On May 27, 2005, at a meeting with Mr. Schneebaun and Mr. Perles, plaintiff learned for the first time that, without his approval, disbursements had been made from the trust fund to defendants Schneebaum and Patton Boggs, LLP, totaling more than $400,000., in payment of Mr. Perles' legal fees and expenses in the Perles/Kagy litigation.

15.  In the May 27th meeting, rejecting their suggestion, Messrs. Perles and Schneebaum were expressly instructed that no funds in the trust account were to be used as security for the judgment or as a substitute for any form of an appeal bond, which Mr. Fay memorialized in a

4

letter sent by facsimile to Mr. Schneebaum and Mr. Perles on May 27th. At close of the meeting,

Mr. Fay demanded of both defendants that his ownership of $1,000,000. remaining in the trust

account be affirmed and forthwith be returned to him, together with interest that had accrued

over the more than four years it had been on deposit.

16.  Notwithstanding Mr. Fay's instructions, on June 2, 2005, defendant Schneebaum sent

a letter to Ms. Kagy's counsel seeking agreement to substitute the funds in the trust account for a

supersedeas bond to secure the judgment on appeal.

17.  On June 8, 2005, pursuant to D. C. Code, § 26-803 (2001 ed.), a notice of adverse

claim was delivered to Citibank  F.S.B. asserting Mr. Fay's ownership of money amounting to

$1,000,000, plus interest, on deposit in Greenberg Traurig Trust Account No. 2101 970278, the

trust account into which defendant Schneebaum  had  transferred  the funds at issue on December

22, 2004.

18.  On June 16, 2005, Greenberg Traurig LLP represented in writing to Mr. Fay that

$1,601,344.56 remained on deposit in the trust account.

19.  On June 17, 2005, in a motion filed in the Perles/Kagy action, *supra,* Mr. Perles

represented to the court that the balance remaining in the trust account, the "amount subject to

lien," was $1,339,675.35.

*First Cause of Action*

(Quasi-contract: Unjust Enrichment)

20.  Plaintiff incorporates herein the foregoing paragraphs 3 through 19, as if specifically

restated.

21.  At all times relevant to this action from January 1, 2001 until October, 2004 defendant Schneebaum was a shareholder in and a contractual agent of defendant, Patton Boggs, LLP, which was thereby vicariously liable for his actions.

22.  Upon defendant Patton Boggs, LLP's acceptance and retention of Mr. Fay's deposit of $1,000,000. into a trust account fund maintained and supervised by Patton Boggs, defendant Patton Boggs, LLP became vicariously liable for the actions of its shareholder and agent, defendant Schneebaum, as they were carried out within the scope of his duties as a practicing attorney under the direction and supervision of Patton Boggs.

23.  The unauthorized use of funds, and their knowledge of the plaintiff's ownership of the money on deposit have unjustly enriched both defendants and have made it inequitable for these defendant to retain these benefits without payment to plaintiff of their value.

WHEREFORE, plaintiff, Thomas Fortune Fay, demands judgment against defendants, Patton Boggs, LLP and Steven M. Schneebaum, jointly and severally, on this cause of action, for One Million Dollars ($1,000,000.), plus prejudgment interest from January 18, 2001, and the costs of this action, including attorney's fees.

<u>Second Cause of Action</u>

(Conversion)

24.  Plaintiff incorporates herein the foregoing paragraphs 3 through 19, as if specifically restated.

25.  The retention of plaintiff's money without authority is without legal justification, and

6

constitutes a conversion of plaintiff's property by defendants Patton Boggs, LLP and Steven M. Schneebaum.

WHEREFORE, plaintiff, Thomas Fortune Fay, demands judgment against defendants, Patton Boggs, LLP and Steven M. Schneebaum, jointly and severally, as compensatory damages on this cause of action, for One Million Dollars ($1,000,000.), plus pre-judgment interest from January, 2001, and as punitive damages on this cause of action, for One Million Dollars ($1,000,000.),  and the costs of this action, including attorney's fees.


Third Cause of Action

(Money Had and Received)
26.  Plaintiff incorporates herein the foregoing paragraphs 3 through 19, as if specifically restated.

27. Defendants owe plaintiff One Million Dollars ($1,000,000.) for money had and received from plaintiff on or about January 18, 2001, to be paid by defendants to plaintiff.

WHEREFORE, plaintiff, Thomas Fortune Fay, demands judgment against defendants, Patton Boggs, LLP and Steven M. Schneebaum, jointly and severally,  on this cause of action, for One Million Dollars ($1,000,000.), plus prejudgment interest from January 18, 2001, and the costs

7

of this action, including attorney's fees.


Date: May 23, 2008                    _____/s/ John W. Karr_____
                                      John W. Karr (D.C. Bar #57430)
                                      Theodore S. Allison (D.C. Bar #
                                      Karr & Allison, P.C.
                                      1300 19th Street,  NW    Suite 402
                                      Washington, DC 20036
                                      202-331-7600
                                      202-293-3999 (Facsimile)
                                      Attorneys for plaintiff

                         JURY DEMAND

Plaintiff requests a trial by jury.

                                      __/s/ John W. Karr_____
                                      John W. Karr

8

E
08-878
PLF

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Thomas Fortune Fay

55 888

## DEFENDANTS

Patton Boggs LLP and Steven M. Schneebaum

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Karr & Allison, P.C.
1300 19th Street NW   Suite 402
Washington, DC  20036
202-331-7600

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-00878
Assigned To : Friedman, Paul L.
Assign. Date : 5/23/2008
Description: General Civil

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
  Plaintiff

○ 2 U.S. Government
  Defendant

● 3 Federal Question
  (U.S. Government Not a Party)

◉ 4 Diversity
  (Indicate Citizenship of
  Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ◉ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. *Antitrust*

☐ 410 Antitrust

○ B. *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ C. *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

◉ E. *General Civil (Other)*     OR     ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☒ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

2

| ○ **G.** *Habeas Corpus/* *2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** ☐ **890 Other Statutory Actions** (if Privacy Act) *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans** (excluding veterans) |

| ○ **K.** *Labor/ERISA* *(non-employment)* | ○ **L.** *Other Civil Rights* *(non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** ☐ **720 Labor/Mgmt. Relations** ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** ☐ **740 Labor Railway Act** ☐ **790 Other Labor Litigation** ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** ☐ **443 Housing/Accommodations** ☐ **444 Welfare** ☐ **440 Other Civil Rights** ☐ **445 American w/Disabilities-Employment** ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** ☐ **120 Marine** ☐ **130 Miller Act** ☐ **140 Negotiable Instrument** ☐ **150 Recovery of Overpayment & Enforcement of Judgment** ☐ **153 Recovery of Overpayment of Veteran's Benefits** ☐ **160 Stockholder's Suits** ☐ **190 Other Contracts** ☐ **195 Contract Product Liability** ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting** (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Conversion, Unjust Enrichment(Quasi Contract), Money Had and Received - Money removed from client trust fund without authorization. *28 USC 1332*

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | DEMAND $ $1,000,000. JURY DEMAND: | Check YES only if demanded in complaint YES ☒ NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE  May 23, 2008    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.