## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Thomas Fortune Fay,      )
                            )
      Plaintiff          )        Case: 1:08-cv-00878
vs.                       )
                            )
Patton Boggs LLP, *et. al.*,   )
                            )
      Defendants     )

### DEFENDANT PATTON BOGGS LLP'S MOTION TO QUASH SERVICE OF PROCESS OR FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING

Defendant Patton Boggs LLP, by and through its undersigned counsel, hereby moves to quash Plaintiff's service of process as ineffective. Alternatively, Defendant requests that the time for filing a responsive pleading be extended until 20 days after the later of (1) delivery of a full copy of the complaint, or (2) completion of mediation in a related case which could completely moot this matter.

### STATEMENT OF FACTS

As stated in Plaintiff's complaint, this action is related to *Fay v Perles, et al.* Civil No.1:05-cv-01209 (PLF) that is currently pending before this Court. Complaint ¶ 2. The facts of that case and this case are interwoven such that a resolution of *Perles* could entirely moot this matter. The *Perles* case is currently stayed pending the completion of mediation on or before June 30, 2008. Id. Plaintiff admits that the only reason he commenced this action prior to the resolution of the *Perles* mediation is to avoid the running of the statute of limitations. *Id.*

Plaintiff filed this action on May 23, 2008. Defendant Patton Boggs was served on the same day. Declaration of Charles E. Talisman ("Talisman Decl.") at ¶ 3. The complaint served on Patton Boggs is missing two pages encompassing several paragraphs of the allegations. Talisman Decl. ¶ 3

and Exh. 1, Copy of Complaint served on Patton Boggs. Defendant promptly notified Plaintiff's counsel of this oversight and requested a complete copy of the complaint. Talisman Decl. ¶ 4 and Exh. 2, Letter from C. Talisman to J. Karr dated May 28, 2008. Plaintiff never responded to this request. Defendant sent a second letter to Plaintiff's counsel again requesting the complete complaint and for an extension of time to file a responsive pleading pending the completion of the mediation in the related *Perles* case. Talisman Decl. ¶ 5 and Exh. 3, Letter from C. Talisman to J. Karr dated June 11, 2008. On June 11, 2008, one day prior to Defendant's time for filing a responsive pleading if the Complaint had been properly served, Plaintiff's counsel emailed Defendant saying they received its letters and would respond after leaving court later that day. Talisman Decl. ¶ 6 and Exh. 4. Plaintiff's counsel still has not contacted Defendant.

## ARGUMENT

The Federal Rules of Civil Procedure require that a copy of the "summons shall be served together with a copy of the complaint." Fed. R. Civ. Pro. 4(c). Courts have interpreted this rule to require the service of the *entire* complaint. *See, e.g. Patterson v. Brown,* 2008 WL 219965, *9 (W.D.N.C., January 24, 2008) (citing *West Coast Theater Corp. v. City of Portland,* 897 F.2d 1519, 1529 (9th Cir.1990)). Thus "service of a partial complaint is insufficient." *Cherry v. Spence,* ___ F.R.D. ___, 2008 WL 896202, *2 (E.D.N.C., April 2, 2008). Courts have stated that service of a complete complaint is required because "a defendant is required to admit or deny each allegation contained in the complaint, and where a defendant fails to clearly deny an allegation, he is deemed to have admitted it." *Id.* (citing Fed. R. Civ. Pro 8(b)).

Here, Plaintiff did not just fail to serve a complete complaint; he failed to respond to two requests to provide a complete complaint. The version of the complaint served on Patton Boggs is missing two of the seven pages of the allegations. Defendant cannot answer this complaint because

it does not know all of the allegations raised by Plaintiff. Therefore, Plaintiff's service is improper and should be quashed.

Alternatively, Defendant requests an extension of time to file a responsive pleading, until 20 days after the later of (1) Plaintiff's delivery of the missing pages of the Complaint, or (2) completion of the mediation in the *Perles* matter. The mediation in the *Perles* case must be completed by June 30, 2008. If this mediation is successful, this action will likely become mooted. Thus, it is in the best interests of the parties and the Court to extend the time to respond in this case pending the outcome of the *Perles* mediation.

## CONCLUSION

Because Plaintiff has failed to serve a complete copy of the complaint on Defendant, Plaintiff's service of process should be quashed. Alternatively, Defendant should be given an additional time to respond due to the insufficient service and the pending mediation in the related matter.

Respectfully submitted,

Charles E. Talisman
D.C. Bar # 367314
PATTON BOGGS LLP
2550 M Street NW
Washington, DC  20037
Telephone (202) 457-6438
Facsimile:  (202) 457-6315

Counsel for Defendant Patton Boggs LLP

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2008, a true and accurate copy of the foregoing Defendant Patton Boggs LLP's Motion to Quash Service of Process or For an Extension of Time to File a Responsive Pleading was mailed to:

> John W. Karr
> Karr & Allison, P.C.
> 1300 19th Street NW, Suite 402
> Washington, DC 20036
>
> Steven M. Schneebaum
> Greenberg Traurig
> 2101 L Street NW, Suite 1000
> Washington, DC 20037

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Thomas Fortune Fay,                    )
                                       )
      Plaintiff              )          Case: 1:08-cv-00878
                                       )
vs.                                    )
                                       )
Patton Boggs LLP, *et. al.*,           )
                                       )
      Defendants             )
                                       )

## DECLARATION OF CHARLES E. TALISMAN

      I, Charles E. Talisman, declares as follows under the penalties of perjury.

1.      I am a Partner at and the General Counsel of Patton Boggs LLP ("Patton Boggs"), a defendant in the above captioned matter. I am over the age of eighteen, have personal knowledge of the facts stated herein, and am competent to testify to the matters stated below. I submit this affidavit in support of Patton Boggs' Motion to Quash Service of Process or For an Extension of Time to File a Responsive Pleading.

2.      In my role as the General Counsel, I customarily receive legal documents served on Patton Boggs.

3.      I received and reviewed the complaint filed in this case on May 23, 2008. The copy of the complaint served on Patton Boggs was missing pages 3 and 7. A copy of the complaint served on Patton Boggs is attached as Exhibit 1.

4.      I contacted Plaintiff's counsel via letter on May 28, 2008 (Exhibit 2 hereto) informing him that Patton Boggs was served with an incomplete complaint and requesting that he supply the missing pages. Plaintiff's counsel never responded to this letter.

5.      I sent a second letter to Plaintiff's counsel on June 12, 2008 (Exhibit 3 hereto) again stating that we did not receive a complete version of the complaint. I also requested that we work out an

agreement to extend our time for filing a responsive pleading until after the court-ordered mediation in the related matter *Fay v. Perles, et al.* Civil No.1:05-cv-01209 (PLF).

6.    On June 11, 2008, Plaintiff's counsel sent me a brief email (Exhibit 4 hereto) stating that they were in receipt of my letters, they were in court for the day, and would contact me later in the day.  Plaintiff's counsel still has not contacted me to discuss the incomplete complaint or an extension of time to respond.

7.    I declare under penalty of perjury that the foregoing statements are true and correct.


Executed on June 12, 2008.



_____
Charles E. Talisman

4964064

# EXHIBIT 1

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Thomas Fortune Fay,

        Plaintiff

            **SUMMONS IN A CIVIL CASE**

    V.

Patton Boggs LLP, et al.

        Defendants      CASE

Case: 1:08-cv-00878
Assigned To : Friedman, Paul L.
Assign. Date : 5/23/2008
Description: General Civil

TO: (Name and address of Defendant)

    Patton Boggs LLP
      Serve: Stuart M. Pape
    2550 M Street NW
    Washington, DC  20037

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

John W. Karr
Karr & Allison, P.C.
1300 19th Street NW   Suite 402
Washington DC   20036

an answer to the complaint which is served on you with this summons, within _____ **Twenty (20)** _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON

**MAY 2 3 2008**

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐   Served personally upon the defendant.  Place where served:

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
   discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐   Returned unexecuted:

☐   Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                    Date                      Signature of Server

                              _____
                                       Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Nancy M. Mayer-Whittington
Clerk

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE UNITED STATES MAGISTRATE JUDGE

The substantial criminal caseload in this Court and the requirements of the criminal Speedy Trial Act frequently result in a delay in the trial of civil cases. Aware of the hardship and expense to the parties, counsel, and witnesses caused by the delays which are beyond the control of the Court, this notice is to advise you of your right to a trial of your case by a United States Magistrate Judge. By statute, 28 U.S.C. § 636(c), Fed.R.Civ.P.73 and Local Rule 502, the parties, by consent, can try their case by means of a jury trial or bench trial before a United States Magistrate Judge. Appeals from judgments and final orders are taken directly to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from a judgment of a District Judge in a civil case.

## WHAT IS THE PROCEDURE?

One of the matters you are required to discuss at the meet-and-confer conference mandated by Local Rule 206 is whether the case should be assigned to a United States Magistrate Judge for all purposes, including trial.

All parties must consent before the case is assigned to a Magistrate Judge for trial. You may consent at any time prior to trial. If you expressly decline to consent or simply fail to consent early in the case, you are <u>not</u> foreclosed from consenting later in the case. However, a prompt election to proceed before a Magistrate Judge is encouraged because it will facilitate a more orderly scheduling of the case.

Attached is a copy of the "Consent to Proceed Before a United States Magistrate Judge for All Purposes" form. Your response should be made to the Clerk of the United States District Court only.

## WHAT IS THE ADVANTAGE?

The case will be resolved sooner and less expensively. The earlier the parties consent to assigning the case to a Magistrate Judge the earlier a firm and certain trial date can be established, even if the case is to be tried to a jury.

Upon the filing of the consent form and with the approval of the District Judge, the case will be assigned for all purposes to a Magistrate Judge.

CO-942A
Rev 3/95
Rev 7/99

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

THOMAS FORTUNE FAY
2048 Merrifields Drive
Silver Spring, MD 20906,

      Plaintiff,

      v.

PATTON BOGGS LLP
  Serve: Stuart M. Pape
2550 M Street, NW
Washington, DC 20037

     and

Steven M. Schneebaum
c/o Greenberg Traurig, LLP
2101 L Street, NW
Washington, DC 20037

      Defendants.

Case: 1:08-cv-00878
Assigned To : Friedman, Paul L.
Assign. Date : 5/23/2008
Description: General Civil

### COMPLAINT
(Compensatory Damages for Quasi-Contract, Unjust Enrichment and
Money Had and Received; Compensatory Damages for Conversion.)

*Jurisdiction*

1.  This court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C.

§1332. The plaintiff is a domiciliary and resident of the State of Maryland. The defendant Patton

Boggs LLP is a limited liability partnership organized and doing business in the District of

Columbia, pursuant to the laws of the District of Columbia, and the defendant Steven M.

Schneebaum is a domiciliary and resident of the District of Columbia. The amount in controversy,

exclusive of interest and costs, exceeds Seventy Five Thousand Dollars ($75,000.00).

1

*Preamble*

2.    This action is related to and involves funds affected in an action pending in this court, *Fay v. Perles, et al.* Civil No.1:05CV01209(PLF), an action which has been stayed pending completion of mediation on or before June 30, 2008. The action described in the complaint began on May 27, 2005, necessitating the filing of this case by May 26, 2008. It is expected that if the pending mediation does not resolve all of the issues involved in both cases, these cases will be consolidated.

*Facts*

3.   In January, 1997, plaintiff and defendant Steven R. Perles entered into a contract which provided that they would act as equal share partners in the representation of a number of American citizens and/or their estates who had been victims of terrorist attacks sponsored by governments designated by the U. S. Department of State as the source of material assistance to acts of terrorism.

4.   Plaintiff and defendant Perles were successful in obtaining judgments for clients in several of these cases including *Flatow v. Islamic Republic of Iran,* 999 F. Supp. 1 (D.D.C. 1998) and *Eisenfeld and Duker v. Islamic Republic of Iran,* 172 F.Supp.2d 1(D.D.C. 2000), in which cases compensatory damages were awarded in amounts of $22,513,220.00 and $27,161,002.00, respectively, which, with post-judgment interest, were paid in January, 2001.

5.   At all times relevant to the present action, attorney Anne Marie Kagy was the employee of the defendant Perles and his professional corporation, Steven R. Perles, P.C., and the agreement between plaintiff and defendant Perles was that Mr. Perles and/or his professional

2

and his professional corporation for what she believed was due to her.

9. Mr. Fay was not sued by Ms. Kagy, nor was he made a party in any other way in the Perles/Kagy litigation.

10. Trial of the Perles/Kagy action began in January, 2003, and continued intermittently until entry of a final judgment on April 20, 2005, against Mr. Perles.

11. From the inception of the Perles/Kagy lawsuit in January, 2001 until after the trial had concluded , Mr. Perles stated to Mr. Fay and repeatedly to this court that the sum of $2,000,000. was being held in trust in an escrow account, first under the name and supervision of the defendant, Patton Boggs, LLP, and later under the name and supervision of Greenberg Traurig, LLP, the law firm to which defendant Schneebaum moved in 2004..

12. Mr. Perles informed Mr. Fay that on December 22, 2004, the money that had been placed in the trust fund at Patton Boggs, LLP in 2001 was transferred by instruction of Mr. Schneebaum into a client trust fund maintained by Greenberg Traurig, LLP.

13. Judgment was entered for Ms. Kagy against Mr. Perles alone on April 20, 2005.

14. On May 27, 2005, at a meeting with Mr. Schneebaun and Mr. Perles, plaintiff learned for the first time that, without his approval, disbursements had been made from the trust fund to defendants Schneebaum and Patton Boggs, LLP, totaling more than $400,000., in payment of Mr. Perles' legal fees and expenses in the Perles/Kagy litigation.

15. In the May 27th meeting, rejecting their suggestion, Messrs. Perles and Schneebaum were expressly instructed that no funds in the trust account were to be used as security for the judgment or as a substitute for any form of an appeal bond, which Mr. Fay memorialized in a

4

letter sent by facsimile to Mr. Schneebaum and Mr. Perles on May 27th. At close of the meeting, Mr. Fay demanded of both defendants that his ownership of $1,000,000. remaining in the trust account be affirmed and forthwith be returned to him, together with interest that had accrued over the more than four years it had been on deposit.

16.   Notwithstanding Mr. Fay's instructions, on June 2, 2005, defendant Schneebaum sent a letter to Ms. Kagy's counsel seeking agreement to substitute the funds in the trust account for a supersedeas bond to secure the judgment on appeal.

17.   On June 8, 2005, pursuant to D. C. Code, § 26-803 (2001 ed.), a notice of adverse claim was delivered to Citibank F.S.B. asserting Mr. Fay's ownership of money amounting to $1,000,000, plus interest, on deposit in Greenberg Traurig Trust Account No. 2101 970278, the trust account into which defendant Schneebaum had transferred the funds at issue on December 22, 2004.

18.   On June 16, 2005, Greenberg Traurig LLP represented in writing to Mr. Fay that $1,601,344.56 remained on deposit in the trust account.

19.   On June 17, 2005, in a motion filed in the Perles/Kagy action, *supra,* Mr. Perles represented to the court that the balance remaining in the trust account, the "amount subject to lien," was $1,339,675.35.

*First Cause of Action*

(Quasi-contract: Unjust Enrichment)

20.   Plaintiff incorporates herein the foregoing paragraphs 3 through 19, as if specifically

5

restated.

21.  At all times relevant to this action from January 1, 2001 until October, 2004 defendant Schneebaum was a shareholder in and a contractual agent of defendant, Patton Boggs, LLP, which was thereby vicariously liable for his actions.

22.  Upon defendant Patton Boggs, LLP's acceptance and retention of Mr. Fay's deposit of $1,000,000. into a trust account fund maintained and supervised by Patton Boggs, defendant Patton Boggs, LLP became vicariously liable for the actions of its shareholder and agent, defendant Schneebaum, as they were carried out within the scope of his duties as a practicing attorney under the direction and supervision of Patton Boggs.

23.  The unauthorized use of funds, and their knowledge of the plaintiff's ownership of the money on deposit  have unjustly enriched both defendants and have made it inequitable for these defendant to retain these benefits without payment to plaintiff of their value.

WHEREFORE, plaintiff, Thomas Fortune Fay, demands judgment against defendants, Patton Boggs, LLP and Steven M. Schneebaum, jointly and severally, on this cause of action, for One Million Dollars ($1,000,000.), plus prejudgment interest from January 18, 2001, and the costs of this action, including attorney's fees.

<u>Second Cause of Action</u>

(Conversion)

24.  Plaintiff incorporates herein the foregoing paragraphs 3 through 19, as if specifically restated.

25.  The retention of plaintiff's money without authority is without legal justification, and

6

of this action, including attorney's fees.


Date: May      , 2008                ___/s /John W. Karr_____
                                     John W. Karr (D.C. Bar #57430)
                                     Theodore S. Allison (D.C. Bar #
                                     Karr & Allison, P.C.
                                     1300 19th Street, NW    Suite 402
                                     Washington, DC 20036
                                     202-331-7600
                                     202-293-3999 (Facsimile)
                                     Attorneys for plaintiff

                          JURY DEMAND

Plaintiff requests a trial by jury.

                                   _/s/ John W. Karr_____
                                   John W. Karr

8

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CO-932
Rev. 4/96

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. **08   0878**

(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy  for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:**

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL**

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

_____

The plaintiff , defendant or counsel must  complete the following:

1.   RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

A new case is deemed related to a case pending in this or another U.S. Court if the new case:  [Check appropriate box(e's) below.]

| | | |
|---|---|---|
| [X] | (a) | relates to common property |
| [X] | (b) | involves common issues of fact |
| [X] | (c) | grows out of the same event or transaction |
| [ ] | (d) | involves the validity or infringement of the same patent |
| [ ] | (e) | is filed by the same pro se litigant |

2.   RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

Check box if new case is related to a dismissed case: [ ]

3.   NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

_____

4.   CAPTION AND CASE NUMBER OF RELATED CASE(E'S).  IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

**Thomas Fortune Fay**  _____ v. **Steven R. Perles, et al.** _____  C.A. No. **1:05-cv-012**

**May 23, 2008**  _____   1:05-cv-01209 (PLF)
DATE                   Signature of Plaintiff /Defendant (or counsel)    #57430

Rev. 4/06

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

# INITIAL ELECTRONIC CASE FILING
# ORDER

Subsequent filings in this case must be made electronically using the Court's Electronic Case Filing System (ECF) pursuant to Local Rule 5.4.

ORDERED that counsel shall:

- Submit in paper, the original and copy of the complaint/notice of removal/petitions for habeas corpus and any accompanying papers (**not including summons and civil cover sheets**). Additionally, litigants are hereby required to provide those filings in PDF Format on a floppy disk or CD-Rom compact disk. The disk should be clearly labeled with the case number (if known) and the name of the parties. If unable to deliver the filing on a disk at the time of the new case filing, counsel should e-mail the initiating document and accompanying papers to dcd_cmecf@dcd.uscourts.gov by the close of business the day the new case was filed. Failure to supply electronic copies of the new case in a timely manner, will result in the attorney's name being added to the attorney non-compliant list and shared with the Court's ECF Judge's Committee. **Regardless of what option counsel chooses, the complaint/notice** of removal and accompanying papers must come to the Court as PDF documents. Each exhibit to the new case shall be in a separate PDF file. Failure to submit PDF versions of the complaint/notice of removal and other documents will delay the opening of the case in ECF.

- Register, if not previously registered, to become an electronic filer by completing and returning the enclosed ECF Registration Form found on the Court's Website at (www.dcd.uscourts.gov). The login and password are case specific and can be used for all cases.

- **Make all subsequent filings electronically. This is <u>mandatory</u>.**

- Have a PACER (Public Access to Court Electronic Records) account, in order to view dockets and documents. Call 1-800-676-6856 or visit www.pacer.psc.uscourts.gov for additional information.

- Schedule a training class at the Courthouse by going to the Court's ECF Internet Website (www.dcd.uscourts.gov/ecf.html). Also, filing instructions and an interactive tutorial can be found at this Internet Website.



FRIEDMAN, J. PLF

UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

## ELECTRONIC CASE FILES
## Attorney/Participant Registration Form

## LIVE SYSTEM

This form shall be used to register for an account on the Court's Electronic Case Files (ECF) system and to subscribe to the ECF EMail (Listserver) notification service. Registered attorneys and other participants will have privileges both to electronically submit documents, and to view and retrieve electronic docket sheets and documents for all cases assigned to the Electronic Case Files system. Listserver subscribers receive email messages whenever the Court wishes to electronically notify ECF registrants of pertinent ECF information.

The following information is required for registration:

If you are appointed pro bono or pro hac vice, please provide the case number: _____

First Name/Middle Initial/Last Name    _____ ____ _____

Last four digits of Social Security Number    _____

DC Bar ID#:    _____

Firm Name    _____

Firm Address    _____
_____
_____

Voice Phone Number    _____

FAX Phone Number    _____

Internet E-Mail Address    _____

By submitting this registration form, the undersigned agrees to abide by the following rules:

1.     This system is for use only in cases permitted by the **U.S. District Court for the District of Columbia**. It may be used to file and view electronic documents, docket sheets, and notices. Please visit the Court's ECF Internet, www.dcd.uscourts.gov, website to schedule training.

2.     Pursuant to Federal Rule of Civil Procedure 11, every pleading, motion, and other paper (except list, schedules, statements or amendments thereto) shall be signed by at least one attorney of record or, if the party is not represented by an attorney, all papers shall be signed by the party. An attorney's/participant's password issued by the court combined with the user's identification, serves as and constitutes the attorney's/participant's signature. Therefore, an attorney/participant must protect and secure the password issued by the court.

If there is any reason to suspect the password has been compromised in any way, it is the duty and responsibility of the attorney/participant to immediately notify the court. This should include the resignation or reassignment of the person with authority to use the password. The Court will immediately delete that password from the electronic filing system and issue a new password.

3.    An attorney's/participant's registration will not waive conventional service of a summons and complaint, subpoena, or other judicial process; submit the client to the jurisdiction of the Court; or operate as a consent to accept service of pleadings, documents, and orders in actions in which such attorney/participant has not entered an appearance.    An attorney's/participant's registration will constitute a waiver in law only of conventional service of other non-process pleadings, documents, and orders in the case.    The attorney/participant agrees to accept, on behalf of the client, service of notice of the electronic filing by hand, facsimile or authorized e-mail.

4.    Upon receipt of your login and password, you are strongly encouraged to change your password, which may be done through the Utilities function, to a name easily recalled. **You may be subjected to a fee, should the Clerk's Office have to create a new password for you, or alternatively,  you may be required to appear in person to receive your new password.**

5.    Attorneys who are active members of the bar of this Court, or government attorneys who are employed or retained by the United States, or who have been permitted to proceed *pro hac vice*, must file pleadings electronically.

Please return this form to:          U.S. District Court for the District of Columbia
                                     Attn:   Attorney Admissions
                                     333 Constitution Avenue NW, Room 1825
                                     Washington, DC  20001

Or FAX to:                           Peggy Trainum
                                     U.S. District Court for the District of Columbia
                                     (202) 354-3023

Applicant's Signature    _____

_____    _____    _____
Full Last Name              Initial of    Last 4 Digits SS#
                            First Name

# EXHIBIT 2



2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

May 27, 2008

Charles E. Talisman
202-457-6438
ctalisman@pattonboggs.com

**Via Facsimile and First Class Mail**

John W. Karr, Esq.
Carr & Allison, PC
1300 19th Street, NW
Suite 402
Washington, DC 20036

Re:    Fay v. Patton Boggs LLP, et al., Case No. 1:08-CV-00878 (D.D.C.)

Dear Mr. Karr:

On May 23, 2008 we received a summons and two incomplete copies of a complaint in the above-captioned matter.  Both copies of the complaint we received were missing pages 3 and 7.  Please supply these pages to us at your earliest convenience.

Sincerely,

Charles E. Talisman
General Counsel

cc:    Steven M. Schneebaum, Esq.

4961002

# Confirmation Report — Memory Send

Time      : 05-28-08   03:04pm
Tel line  : 202-457-6315
Name      : PATTON BOGGS LLP

| | | |
|---|---|---|
| Job number | : | 577 |
| Date | : | 05-28  03:03pm |
| To | : | 92933999--9900030476 |
| Document pages | : | 02 |
| Start time | : | 05-28  03:03pm |
| End time | : | 05-28  03:04pm |
| Pages sent | : | 02 |
| Status | : | OK |

Job number    : 577              *** SEND SUCCESSFUL ***

## PATTON BOGGS LLP
ATTORNEYS AT LAW

2550 M Street, NW
Washington, DC  20037
202-457-6000

Facsimile 202-457-6315

| | |
|---|---|
| To: | John W. Karr, Esq. |
| Company: | Karr & Allison, PC |
| Fax Number: | 202-293-3999 |
| Phone Number: | 202-331-7600 |
| Total Pages Including Cover: | 2 |
| From: | Charles E. Talisman |
| Sender's Direct Line: | 202-457-6438 |
| Date: | May 28, 2008 |
| Client Number: | 999991.0100 |

Comments:

WASHINGTON DC

NORTHERN VIRGINIA

NEW JERSEY

NEW YORK

DALLAS

DENVER

ANCHORAGE

DOHA, QATAR

Confidentiality Note: The documents accompanying this facsimile contain information from the law firm of Patton Boggs LLP which is confidential and/or privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile is strictly prohibited, and that the documents should be returned to this Firm immediately. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at no cost to you.

If you did not receive all of the pages or find that they are illegible, please call Dee Sparks at 202-457-6536.

4957883

# EXHIBIT 3

# PATTON BOGGS LLP
ATTORNEYS AT LAW

2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

June 10, 2008

Charles E. Talisman
202-457-6438
ctalisman@pattonboggs.com

**Via Facsimile and First Class Mail**

John W. Karr, Esq.
Theodore S. Allison, Esq.
Karr & Allison, PC
1300 19th Street, NW
Suite 402
Washington, DC 20036

Re:     Fay v. Patton Boggs LLP, et al., Case No. 1:08-CV-00878 (D.D.C.)

Dear Mr. Karr and Mr. Allison:

I'm writing to follow up on a voice mail I left a short while ago.  On May 23, 2008, we were served with an incomplete copy of the complaint in the above-captioned matter.  I wrote to Mr. Karr on May 28 to request the missing pages, but have received no response. Additionally, it is my understanding that your client, Mr. Fay, has a scheduled mediation in a related case which possibly could moot this lawsuit.  Under the circumstances, I was hoping we could reach an agreement that you will send me the missing pages to the complaint, and establish a response date that extends a bit beyond the mediation date.  I would appreciate it if you could respond no later than tomorrow, June 11, to avoid the need for any motion practice relating to the defective service.

Sincerely,

Charles E. Talisman
General Counsel

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO            1983
RECIPIENT ADDRESS   92933999pp9900030476
DESTINATION ID
ST. TIME            06/10 16:56
TIME USE            01'19
PAGES SENT             2
RESULT              OK
```

# PATTON BOGGS LLP
## ATTORNEYS AT LAW

2550 M Street, NW
Washington, DC  20037
202-457-6000

Facsimile 202-457-6315

| To: | John W. Karr, Esq. |
| | Theodore S. Allison, Esq. |
| Company: | Karr & Allison, PC |
| Fax Number: | 202-293-3999 |
| Phone Number: | 202-331-7600 |
| Total Pages Including Cover: | 2 |
| From: | Charles E. Talisman |
| Sender's Direct Line: | 202-457-6438 |
| Date: | June 10, 2008 |
| Client Number: | 999991.0100 |

Comments:

WASHINGTON DC

NORTHERN VIRGINIA

NEW JERSEY

NEW YORK

DALLAS

DENVER

ANCHORAGE

DOHA, QATAR

# EXHIBIT 4

**Talisman, Charles**

| | |
|---|---|
| **From:** | tsallison@karrallison.com |
| **Sent:** | Wednesday, June 11, 2008 1:24 PM |
| **To:** | Talisman, Charles; jwkarr@karrallison.com; tsallison@karrallison.com |
| **Subject:** | Re: Fay v. Patton Boggs LLP, et al., Case No. 1:08-cv-00878 |


Mr. Talisman,

Mr. Karr and I have been in trial for the past 10 days or so.  I'm not sure if Mr. Karr
has contacted you yet this week, but we will certainly be in a better position to do that
once the jury retires later today.

Thanks,

Theodore Allison

-----Original Message-----
From: Talisman, Charles [mailto:CTalisman@PattonBoggs.com]
Sent: Tuesday, June 10, 2008 03:39 PM
To: jwkarr@karrallison.com, tsallison@karrallison.com
Subject: Fay v. Patton Boggs LLP, et al., Case No. 1:08-cv-00878

Dear Mr. Karr and Mr. Allison:

I'm writing to follow up on a voice mail I left a short while ago.   On
May 23, 2008, we were served with an incomplete copy of the complaint in
the above-captioned matter.   I wrote to Mr. Karr on May 28 to request
the missing pages, but have received no response.   Additionally, it is
my understanding that your client, Mr. Fay, has a scheduled mediation in
a related case which possibly could moot this lawsuit.   Under the
circumstances, I was hoping we could reach an agreement that you will
send me the missing pages to the complaint, and establish a response
date that extends a bit beyond the mediation date.   I would appreciate
it if you could respond no later than tomorrow, June 11, to avoid the
need for any motion practice relating to the defective service.

Sincerely,

Charles E. Talisman

DISCLAIMER:
This e-mail message contains confidential, privileged information intended solely for the
addressee.  Please do not read, copy, or disseminate it unless you are the addressee.  If
you have received it in error, please call us (collect) at (202) 457-6000 and ask to speak
with the message sender.  Also, we would appreciate your forwarding the message back to us
and deleting it from your system.  Thank you.

This e-mail and all other electronic (including voice) communications from the sender's
firm are for informational purposes only.  No such communication is intended by the sender
to constitute either an electronic record or an electronic signature, or to constitute any
agreement by the sender to conduct a transaction by electronic means.  Any such intention
or agreement is hereby expressly disclaimed unless otherwise specifically indicated.  To
learn more about our firm, please visit our website at http://www.pattonboggs.com.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Thomas Fortune Fay, | ) | |
|     Plaintiff | ) | Case: 1:08-cv-00878 |
| vs. | ) | |
| | ) | |
| Patton Boggs LLP, *et. al.,* | ) | |
|     2550 M. St. | ) | |
|     Washington, D.C. 20037 | ) | |
|     Defendants | ) | |

### Proposed Order

Upon consideration of Defendant Patton Boggs LLP's Motion to Quash Service of Process, the Court finds that Plaintiff failed to serve a complete copy of his Complaint on Defendant as required by Fed. R. Civ. Pro. 4(c); therefore, Defendant's Motion is _____.

Having found that Plaintiff has not affected proper service and that good cause exists to extend the time for Defendant Patton Boggs, LLP to file a responsive pleading, Plaintiff's alternative Motion to Extend the Time to File a Responsive Pleading until 20 days after the later of (1) delivery of the missing pages of the Complaint, or (2) completion of mediation in the *Perles* case is

_____.

_____
United States District Court Judge

cc:    Charles E. Talisman
       Patton Boggs LLP
       2550 M Street NW
       Washington, DC 20037

       John W. Karr
       Karr & Allison, P.C.
       1300 19th Street NW, Suite 402
       Washington, DC 20036

       Steven M. Schneebaum
       Greenberg Traurig
       2101 L Street NW, Suite 1000
       Washington, DC 20037

4964081